nity Act of 1998 (VEOA) in failing to hire him, and ordering GSA to reconstruct the hiring process in question. The Board denied both petitions. During this time, GSA tentatively offered Dow a position as a human resource specialist.

The parties request that this court vacate the Board's decisions on review and remand these consolidated appeals so that the Board may consider whether GSA's offer of a human resource specialist position to Dow constitutes a sufficient remedy for the initial VEOA violation.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The motion is granted. The Board's decisions are vacated and the case is remanded for further proceedings consistent with this order.

(2) Each side shall bear its own costs.

## ORDER

Upon review of the Consent Motion to Terminate Appeal filed by Plaintiffs–Appellants Solvay Solexis S.p.A. and Solvay Solexis, Inc., it is hereby:

**ORDERED** that the Consent Motion is granted; and it is further

**ORDERED** that the above-captioned action is dismissed; and it is further

**ORDERED** that each party shall bear its own costs.

SOLVAY SOLEXIS S.P.A. and Solvay Solexis, Inc., Plaintiffs–Appellants,

v.

UNITED STATES, Defendant–Appellee,

and

E.I. DuPont De Nemours & Company, Defendant–Appellee.

No. 2009–1426.

United States Court of Appeals, Federal Circuit.

Dec. 17, 2009.

Mark ORTEGA, Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY, Respondent.

No. 2009–3215.

United States Court of Appeals, Federal Circuit.

Dec. 17, 2009.

Mark Ortega, Chicago, IL, pro se.